SUMMARY ORDER

Defendant-Appellant John McCallum Jr. appeals from a judgment of the District Court (Robinson, J.) entered after a jury trial convicting him of one count of conspiracy involving more than 50 grams of crack cocaine in violation of 21 U.S.C. § 846; one count of distributing and possessing with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(C); and one count of distributing crack cocaine in violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(A). The District Court sentenced him to 240 months’ incarceration, to be followed by ten years’ supervised release. We assume the parties’ familiarity with the facts, procedural history, and issues presented on appeal, as well as the opinion in this case filed separately today.
McCallum first argues that the District Court erred in admitting evidence of (1) McCallum’s uncharged narcotics activity in concert with Defendant Darryl Wright, and (2) identification testimony of a Ramapo police officer relating to the officer’s prior traffic stop of McCallum. We review a district court’s admission of prior bad acts evidence under Federal Rule of Evidence 404(b) for abuse of discretion. See United States v. Lombardozzi, 491 F.3d 61, 78-79 (2d Cir.2007).
We conclude that the District Court did not abuse its discretion in admitting either the uncharged narcotics activity evidence or the officer’s testimony. The former constituted “crucial background evidence that gave coherence to the basic sequence of events” leading up to and comprising the charged conspiracy. United States v. Gonzalez, 110 F.3d 936, 942 (2d Cir.1997). The latter was probative of the basis for the police officer’s familiarity with McCal-lum, and despite the officer’s use of the word “arrest” in connection with McCal-lum’s prior traffic offense — which technically violated the District Court’s order to use the term “traffic stop” rather than “arrest” when referring to that event— McCallum was not prejudiced by this testimony. Even assuming prejudice arguen-do, we conclude that the District Court’s admission of this evidence was harmless error, primarily in light of the strength of the government’s case against McCallum. See United States v. Reifler, 446 F.3d 65, 87 (2d Cir.2006).
McCallum next contends that his rights under the Confrontation Clause of the Sixth Amendment were violated when the District Court allowed the government to elicit testimony regarding a meeting between a deceased informant and police officers as background for the police department’s investigation of McCallum. We have held that “violations of the Confrontation Clause ... are subject to harmless error review.” United States v. *696 McClain, 377 F.3d 219, 222 (2d Cir.2004). We therefore will affirm as long as “the government can show beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.” Id. (internal quotation marks omitted).
In Crawford v. Washington, 541 U.S. 36, 59 n. 9, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), the Supreme Court held that the Confrontation Clause “does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted.” See also United States v. Lombardozzi, 491 F.3d 61, 72 (2d Cir.2007). And as we noted recently in United States v. Paulino, hearsay “not offered for its truth may appropriately be received as relevant background ... to clarify noncontroversial matters without causing unfair prejudice on significant disputed matters.” 445 F.3d 211, 217-18 (2d Cir.2006) (internal quotation marks omitted).
Even though the informant in this case was deceased and therefore could not testify, we conclude that the District Court’s admission of testimony describing the informant’s meetings with the police officers did not implicate the Confrontation Clause, and that even if it did, any error committed was harmless. The evidence was not admitted for the truth of any implicit statement by DeFreese, but was offered to “clarify [the] noneontroversial matter[ ]” of how the officers had come to focus their investigation on MeCallum and Wright, id. at 217, in order to dispel any suggestion that they had done so arbitrarily. Even if such implicit “statements” by DeFreese, as related by the officers, were offered for their truth, their admission was harmless. The testimony was limited in nature, the District Court instructed the jury not to speculate on the contents of any conversation between DeFreese and the officers, and the government presented voluminous other evidence of DeFreese’s controlled purchases from MeCallum.
Lastly, MeCallum contends that the District Court exhibited judicial bias in making certain statements during summation, which effectively deprived MeCallum of a fair trial. We reverse for “judicial bias ... only where an examination of the entire record demonstrates that the jurors have been impressed with the trial judge’s partiality to one side to the point that this became a factor in the determination of the jury.” United States v. Salameh, 152 F.3d 88, 128 (2d Cir.1998). In addition, a trial court is free to ask questions for purposes of “clarifying ambiguities,” and “may actively participate and give its own impressions of the evidence ..., as an aid to the jury, so long as it does not step across the line and become an advocate for one side.” United States v. Filani, 74 F.3d 378, 385-86 (2d Cir.1996) (internal quotation marks omitted). We conclude that the statements MeCallum found objectionable were chiefly made in order to aid the jury in its duty as factfinder, and that they did not amount to advocacy for the government. None of these statements warrants reversal.
We have considered McCallum’s remaining contentions and conclude that they are without merit.
For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.